FILED
2022 Aug-05  PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| YANCY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | 5:22-CV-978-CLS |
| BIRMINGHAM BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Yancy Williams (hereinafter "Ms. Williams" or "Plaintiff"), and files this Complaint against Defendant, Birmingham Board of Education (hereinafter "BBOE" or "Defendant") and seeks to recover for Defendant's discriminatory violations of the Age Discrimination in Employment Act (ADEA) of 1967 and Title VII of the Civil Rights Act of 1964, as amended. Mr. Williams pleads the following:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), and 1367. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981, The Age Discrimination in Employment Act, 29 U.S.C. § 621, et. seq., The Equal Pay Act, 29 U.S.C. § 206(d), and Alabama state law.

1

2.     An express grant of federal court jurisdiction over these federal claims is found in the ADEA at 29 U.S.C. §626 and Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17.

3.     Venue is proper in this district pursuant to 42 U.S.C. § 2000e5(f) and 28 U.S.C. § 1391 et. seq. since all, or at least a substantial part of the events giving rise to Mr. Williams' claims, occurred in and around Birmingham, Alabama in Jefferson County.

## JUDICIAL PRE-REQUISITES

4.     On April 6, 2021, Plaintiff filed his EEOC Charge for Age Discrimination and Sex Discrimination. The EEOC received the Charge on the same day. Exhibit A.

5.     On May 6, 2022, the EEOC stamped the Right To Sue letter concerning Mr. Williams' Charge (No.: 846-2021-13354) concerning the BBOE. Thereafter, Mr. Williams' EEOC Right to Sue Letter was received.

6.     Mr. Williams' Complaint was filed within the requisite time allowed. *Abraham v. Greater Birmingham Humane Soc'y,* Inc., 2014 U.S. Dist. LEXIS34174; See *also*, Rule (6)(d) of the Federal Rules of Civil Procedure.

## PARTIES

7.     Mr. Williams resides in Jefferson County, Alabama, and at all relevant times he worked for the BBOE located in Birmingham, Alabama.

2

8.    Defendant Birmingham Board of Education (hereinafter BBOE) is a school system located in Birmingham, Jefferson County, Alabama.

9.    At all relevant times stated herein, BBOE was Mr. Williams' employer and Mr. Williams was its employee within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et. seq. ("ADEA") and Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§ 2000e to 2000e-17.

## FACTS

10.    Mr. Williams is a fifty-three (53) year-old male who was employed by Birmingham Board of Education as an Assistant Principal. Mr. Williams was hired as a History Teacher and has been employed by BBOE since 1997.

11.    At all relevant times, Mr. Williams was a fill-time employee of BBOE.

12.    Mr. Williams has been an Assistant Principal for almost 20 years. Mr. Williams is one of the most tenured individuals in that position in the district.

13.    Mrs. Williams has an EDS degree and has worked in 13 different schools over his career. At the time Mr. Williams filed his EEOC Complaint he was an Assistant Principal at Jackson Olin High School.

14.    In October 2021, Mr. Williams submitted a salary review with BBOE. Charles Willis, High School Coordinator, met with Mr. Williams to discuss his pay. He was told during this conversation that his pay was correct. Mr. Willis inquire as

to why similarly situated employees made more that him even though they had less experience or less education.

15.     While Mr. Williams is being paid according to the BBOE pay scale, younger employees and female employees who are similarly situated are paid above the pay scale.

16.     Additionally, Mr. Williams has been passed over for several promotions which have gone to younger and/or female employees who have less experience and/or less education than Mr. Williams.

17.     BBOE has a pattern and practice of discriminating against its employees in terms and conditions of employment on the basis of age and gender.

18.     Mr. Williams' younger and female co-workers within the district were treated differently than similarly situated older employees in terms and conditions of employment.

19.     During his employment Mr. Williams was discriminated against in pay because he is male and because he is 53 years old.

<u>**COUNT ONE**</u>
**Defendant's Violations of the Age Discrimination In Employment Act (29 U.S.C. § 621 et. seq. ("ADEA"))**

20.     Plaintiff incorporates by reference the previous paragraphs 1-19 above and makes them a part of Count One hereof:

21.     The ADEA makes it unlawful:

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with this Act.

29 U.S.C.S. § 623

22.     While Rule 8 only requires that Mr. Williams plausibly suggest intentional age discrimination at the complaint stage, *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018), Mr. Williams may establish a prima facie case of age discrimination by showing:

(1) that [s]he was a member of the protected group of persons between the ages of forty and seventy; (2) that [s]he was subject to adverse employment action; (3) that a substantially younger person filled the position that [s]he sought or from which [s]he was discharged; and (4) that [s]he was qualified to do the job for which [s]he was rejected.

*Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998).

23.    BBOE both intentionally and willfully engaged in illegal age discrimination against Mr. Williams.

24.    Ms. Williams suffered an adverse employment action when BBOE discriminated against him on the basis of age with respect to promotions and pay.

25.    Mr. Williams is 53 years of age and has worked for BBOE since 1997.

26.    During Mr. William's employment with BBOE, he has been subjected to discriminatory treatment regarding his age.

27.    Because Mr. Williams was classed on the basis of his age, he was denied the promotions for which he was qualified. These promotions went to younger less qualified individuals. See 29 U.S.C. § 623(2). Additionally, Mr. Williams is paid less than similarly situated employees who have less experience and who are younger.

28.    Accordingly, Mr. William's avers that BBOE's conduct violates the ADEA's ban against age discrimination.

29.    BBOE lacks any legitimate reason for failing to promote Mr. Williams and for failing to properly compensate him.

30.    Due to his age, Mr. Williams was treated differently than similarly situated younger employees in violation of the ADEA.

31.    Mr. Williams has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and the injunctive and monetary relief sought in this action

are the only means of securing complete and adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from BBOE's discriminatory acts and omissions.

32.     The actions on the part of BBOE have caused and continue to cause Plaintiff substantial losses in earnings, promotional opportunities and other employment benefits, in an amount to be determined according to proof.

33.     BBOE acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

34.     Mr. Williams has been damaged and  requests relief as provided in the Prayer

## COUNT TWO
### Defendant's Violations of the Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e-17)

35.     Plaintiff incorporates by reference the previous paragraphs 1-34 above and makes them a part of Count Two hereof:

36.     Title VII makes it unlawful:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

42 U.S.C.S. § 2000e-2.

7

37.    BBOE both intentionally and willfully engaged in illegal sex discrimination against Mr. Williams.

38.    Ms. Williams suffered an adverse employment action when BBOE discriminated against him on the basis of sex with respect to promotions and pay.

39.    Mr. Williams is male and has worked for BBOE since 1997.

40.    During Mr. William's employment with BBOE, he has been subjected to discriminatory treatment regarding his sex.

41.    Because Mr. Williams was classed on the basis of his sex, he was denied the promotions for which he was qualified. These promotions went to less qualified individuals who are female. Additionally, Mr. Williams is paid less than similarly situated employees who have less experience and who are female.

42.    Accordingly, Mr. William's avers that BBOE's conduct violates the Title VIIs ban against sex discrimination.

43.    BBOE lacks any legitimate reason for failing to promote Mr. Williams and for failing to properly compensate him.

44.    Due to his sex, Mr. Williams was treated differently than similarly situated younger employees in violation of Title VII.

45.    Mr. Williams has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and the injunctive and monetary relief sought in this action are the only means of securing complete and adequate relief. Plaintiff is now

suffering and will continue to suffer irreparable injury from BBOE's discriminatory acts and omissions.

46.    The actions on the part of BBOE have caused and continue to cause Plaintiff substantial losses in earnings, promotional opportunities and other employment benefits, in an amount to be determined according to proof.

47.    BBOE acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff. Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

48.    Mr. Williams has been damaged and  requests relief as provided in the Prayer.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of Mr. Williams' rights as secured by Age Discrimination in Employment Act (ADEA) of 1967, as amended. 29 U.S.C. § 621 et. seq.;

2.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of Mr. Williams' rights as secured by Title of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e to 2000e-17;

3.    Award an adjustment of the wage rates and benefits for Plaintiff Williams to that level which Plaintiff would be enjoying but for Defendant's discriminatory practices;

4.    Award Plaintiff Williams the full panoply of relief available under the law, including the award of pecuniary and non-pecuniary compensatory

damages, including reinstatement, benefits, back pay, front pay, loss of benefits, interest, liquidated damages and other damages necessary for justice and furtherance of the law;

5. Award Plaintiff Williams costs incurred, including reasonable attorneys' fees, to the extent allowable by law;

6. Award Plaintiff Williams liquidated damages in an amount commensurate with Defendant's ability to pay and to deter future conduct;

7. Award Plaintiff Williams Pre-Judgment and Post-Judgment interest, as provided by law;

8. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those action in concert with Defendant and at the Defendant's request from continuing to violate the Age Discrimination in Employment Act (ADEA) of 1967, as amended. 29 U.S.C. § 621 *et. seq.* and Title of the Civil Rights Act of 1964 42 U.S.C. §§ 2000e to 2000e-17; and

9. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this the 4th day of August, 2022.

Respectfully Submitted

**BRANDON C. PRINCE (PR1090)**
Attorney for Plaintiff

**<u>Defendant's Registered Address</u>:**

Birmingham Board of Education
2015 Park Place
Birmingham, AL 35203          *Please Serve Via Certified U.S. Mail*